FILED
IN CLERK'S OFFICE
US DISTRICT COURT
★ MAR 11 2016
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

v.

DAVID Z. SIMPSON,

        Defendant.
-------------------------------------------------X

08 CR 30 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES

ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Sheve Ariail
    Stephen James Meyer
*Attorneys for the government*

NORMAN TRABULUS
Law Offices of Norman Trabulus
345 Seventh Avenue
21st Floor
New York, NY 1001
*Attorney for Defendant*

**JOHNSON, Senior District Judge:**

    Presently before the Court is David Simpson's ("Defendant" or "Simpson") motion seeking re-sentence pursuant to Amendment 782 of the United States



1

Sentencing Guidelines and 18 U.S.C. § 3582(c). For the reasons stated below, the motion is denied.

On February 12, 2009, Simpson was convicted at trial of all four count in a superseding indictment charging him with (1) conspiracy to import cocaine; (2) conspiracy to possess with intent to distribute heroin and cocaine; (3) importation of cocaine; and (4) attempted possession with intent to distribute cocaine. At sentencing, the Court applied a total offense level of 32, reducing by five levels the total offense level calculated by the United States Probation Department. The resulting guideline range was 121 to 151 months incarceration. Simpson was sentenced to 135 months.

On December 16, 2014, Simpson moved to be re-sentenced pursuant to Amendment 782 of the United States Sentencing Guidelines. The government responded on June 17, 2015, consenting to the resentence.

However, a motion to resentence pursuant to Section 3582(c) is discretionary, and this Court declines to impose a reduced sentence, as Simpson has not submitted sufficient justification for upsetting the Court's previous balancing of the factors outlined in 18 U.S.C. § 3553(a). See Dillon v. United States, 130 S.Ct. 2683, 2692 (2010); ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.");

P-049

United States v. White, 429 F. App'x. 423, 47 (2d Cir. 2011) (finding the decision of whether to re-sentence an eligible defendant to be "confided to the sound discretion of the district court."). Specifically, Simpson's institutional adjustment has been poor, to say the least. He has received 12 disciplinary infractions for, inter alia, removing food items from the mess hall, failing to follow orders, and failing to appear for work assignments. He has lost 54 days of his good conduct time credit, 510 days of phone privileges and been subject to repeated commissary suspensions. Considering the reductions already granted, this Court finds that no further alterations in sentence are warranted at this stage. Defendant's motion is denied.

**SO ORDERED.**

Dated: March 11, 2016
      Brooklyn, New York

/s/ USDJ JOHNSON
Sterling Johnson, Jr., U.S.D.J.

3