UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,

                                            08 CR 30 (SJ)

        v.

                                            <u>MEMORANDUM</u>
                                            <u>AND ORDER</u>

DAVID Z. SIMPSON,

        Defendant.
-----------------------------------------------------X

APPEARANCES

BRIDGET RHODE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Sheve Ariail
    Lindsay Gerdes
*Attorneys for the government*

NORMAN TRABULUS
Law Offices of Norman Trabulus
345 Seventh Avenue
21st Floor
New York, NY 1001
*Attorney for Defendant*

**JOHNSON, Senior District Judge:**

      On March 11, 2016, this Court denied defendant David Simpson's

("Simpson" or "Defendant") motion to re-sentence pursuant to Amendment 782 of

P-049

the United States Sentencing Guidelines and 18 U.S.C. § 3582(c). Simpson appealed the decision and the Second Circuit remanded the action, directing this Court to clarify whether Simpson's motion would have been denied even in the absence of the Court's 5 level reduction of the total offense level that was calculated by the Probation Department.

The answer is yes. At the April 25, 2016 hearing, Simpson's disciplinary record was discussed at considerable length:

The Court: We are here for your application for a reduction of sentence, and I have before me your disciplinary record at the institution. And part of your defense, I understand it, is that it is your religion, is that correct?

Simpson: Part of my defense is my religion.

The Court: For the disciplinary infraction.

Simpson: Some of my disciplinary infractions that I suffered were because of my particular religion.

The Court: That is what I asked you.

Simpson: Yes, sir. Yes, Your Honor.

The Court: What is your religion?

Simpson: My religious practices are similar to those of Messianics or Jews, Your Honor. I follow most of the same teachings, most of the same practices of holy days and so on.

The Court: What is the name?

Simpson: Most of the religious holy days and feasts and the observing of the Sabbath is the same, but there is a slight difference in determining when. You see, I revert back to the scriptures

2

and use the original way to determine when to observe the days.

The Court:   You did not answer my question. I said *what is the name of your religion.*

The Defendant:  I do not have a name to give you.

[…]

The Court:   Now, one of the infractions, I understand it, is that you were charged with purloining food, is that correct?

[…]

Simpson:   Yes, yes, I was charged, Your Honor, with stealing food. This is a common practice by most inmates at the institution.

[…]

The Court:   So everybody steals food there?

Simpson:   I would not – I would not disagree with the stealing of the food, I would say that what we do is we remove the food from the chow hall without permission.

The Court:   Okay. Now, is this while you were on a hunger strike?

(See Dkt. No. 256 at 4-6 (emphasis added); see also Dkt. No. 247 (Simpson's institutional record), Dkt. No. 13 in case styled Simpson v. United States (SJ) 12 CV 1271 (letters by Simpson to then-Attorney General Holder requesting that Holder instruct this Court to "address all my issues on the merits or allow me to die!" and declaring his intent to go on a hunger strike).)

At the conclusion of the April 25, 2016 proceedings, the Court reiterated the relevance of Simpson's disciplinary record, a record directly related to the vagaries

3

of his religious observances in that he frequently failed to follow orders to report to duty stations or to work because the days of his Sabbath remain in flux and indeterminate to the Bureau of Prisons, the Court, and Simpson himself. (Tr. at 13-14.)

For the foregoing reasons, and keeping in mind that the decision to resentence is "confided to the sound discretion of the district court," <u>United States v. White</u>, 429 F. App'x. 423, 47 (2d Cir. 2011), this Court denies Simpson's motion.

**SO ORDERED.**

Dated: June 15, 2017
      Brooklyn, New York

P-049